IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAIRE STONER,** | **CIVIL NO. 1:CV-05-0875** |
| **Plaintiff** | |
| v. | |
| **ARTS UNIQ, INC.,** | |
| **Defendant** | |

## **M E M O R A N D U M**

Before the court are Defendant's motions to dismiss, or in the alternative to transfer the case. (Doc. 6.) The parties have briefed the issues, and the matter is ripe for disposition. For the reasons that follow, Defendant's motion will be Denied.

**I.      Background**

Plaintiff Claire Stoner is an artist domiciled in New Freedom, Pennsylvania. (Compl. ¶ 3.) Defendant Arts Uniq, Inc., a Tennessee corporation, represents and promotes artists and artworks. (*Id*. ¶ 4.) Defendant represents many artists in the Commonwealth of Pennsylvania; Pennsylvania artists comprise over 10% of Defendant's client base. (Def.'s Reply Br. 4.) Defendant also enters into sales agreements with art dealers; sales to dealers in Pennsylvania comprise about two percent of Defendant's total sales. (*Id.*) Defendant advertises on its website that it has a business relationship with nearly 600 art dealers in Pennsylvania. (Pl.'s Br. in Opp'n 5; Doc. 15.)

Plaintiff entered into an agreement with Defendant on January 30, 2003 to represent Plaintiff and her works. (Compl. ¶ 6.) Defendant advised Plaintiff that she could terminate the agreement unilaterally. (*Id*. ¶ 8.) On November 1, 2004, Plaintiff terminated her contractual relationship with Defendant. (*Id*. ¶ 7.) At that time, Plaintiff learned that Defendant had entered into long-term contracts on her behalf, and that some of these agreements ran for as much as two years past the date of termination. (*Id*. ¶¶ 11-20.) According to Plaintiff, she had not been informed of the length of these contracts. (*Id*. ¶¶ 14, 16, 18, 20.) Plaintiff asserts that Defendant continues to collect royalties on the sales of her work. (*Id*. ¶ 26.) Plaintiff believes that these royalties have amounted over $100,000 to date, and that they could amount to $150,000 over the life of these long-term contracts. (*Id*. ¶¶ 27, 30.)

Plaintiff filed a Complaint alleging breach of contract on May 2, 2005, asking the court to enjoin the Defendant from acting as Plaintiff's agent and collecting royalties from that representation. (*Id*. ¶ 30.) She also seeks damages for those royalties that have been diverted to Defendant after the termination of their agreement. (*Id*.) Defendant filed a motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure on August 25, 2005. In that motion, Defendant also moved for a change of venue pursuant to 28 U.S.C. § 1404.

**II.     Discussion**

   **A. Personal Jurisdiction**

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's right to exercise personal jurisdiction over him. The defendant bears the initial burden of rasing a lack of jurisdiction. *Carteret Sav.*

*Bank, F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992). The burden then shifts to the plaintiff to establish that the exercise of personal jurisdiction over the defendant is proper. *Id.* The plaintiff must "establish jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion for lack of in personam jurisdiction." *Id.* The plaintiff need only make a prima facie showing of personal jurisdiction if there has been limited discovery or no evidentiary hearing.[1] *Carteret*, 954 F.2d at 142. After a prima facie case has been made, the plaintiff must still establish personal jurisdiction by a "preponderance of the evidence." *Id.*

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a federal court may exercise personal jurisdiction over non-residents "to the extent permissible under the law of the state where the district court sits." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Pennsylvania's long arm statute extends personal jurisdiction to the fullest extent allowed under the United States Constitution. 42 Pa. C.S.A. § 5322(b). Thus, the long-arm statute is limited only by the Due Process Clause.

A district court may assert personal jurisdiction over a non-resident defendant when the defendant's "conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Where a defendant "purposefully avails himself of the privilege of conducting activities within the forum

---

[1] Pursuant to its August 29, 2005 order (Doc. 9), the court has stayed all discovery proceedings in this case until the disposition of Defendant's motion to dismiss. Thus, discovery in this case has been limited.

state," the defendant is on notice that he is subject to suit in that state. *Id.*; *Hanson v. Denkla*, 357 U.S. 235, 253 (1958). This analysis centers on "whether the defendant has purposefully directed his activity toward the forum state." *Burger King Corp. v. Redzewicz*, 471 U.S. 462, 472 (1985).

The court exercises specific jurisdiction over a defendant where the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). If the suit does not arise out of defendant's contacts with the forum state, the court may exercise general jurisdiction if the defendant's contacts are "continuous and systematic." *Id.* at 415-16.

Defendant contends that because the agreement between the parties was concluded from Defendant's place of business in Tennessee, and because the agreement is governed by Tennessee law, Plaintiff cannot establish that Defendant had sufficient contact with Pennsylvania. However, Defendant admits having continual intentional contact with Pennsylvania. From at least 2003, Defendant has earned between one and two percent of its total annual sales income from Pennsylvania dealers. (Def.'s Reply Br. 4.) It has represented Pennsylvania artists during that length of time as well; over ten percent of Defendant's client base is comprised of Pennsylvania artists. (*Id*.) Defendant also advertises on its website that it has business relationships with nearly 600 art dealers in Pennsylvania. (Pl.'s Br. in Opp'n 5; Doc. 15.) Many of these dealers are located in the Middle District of Pennsylvania.

Defendant has maintained continuous contact with the Commonwealth of Pennsylvania over a period of at least three years. Defendant purposefully directed

his activities toward the Commonwealth by entering into business relationships with artists and art dealers in Pennsylvania.  By these contacts, Defendant is on notice that it could be haled into court by any one of these artists they represent or dealers.  Thus, it is not unfair to assert personal jurisdiction over Defendant here.  Because the court finds that general personal jurisdiction over Defendant is proper, the court need not determine whether the claim itself arises out of Defendant's contact with the forum state.  The court will deny Defendant's motion to dismiss for lack of personal jurisdiction.

### B.     **Improper Venue**

Rule 12(b)(3) allows a defendant to bring a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a).  Defendant bears the burden of establishing improper venue.  *Myers v. American Dental Assn.*, 695 F.2d 716, 724 (3d Cir. 1982).  Venue is conferred by 28 U.S.C. §1391, which provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by federal law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A corporate defendant is deemed to reside "in any judicial district in which it is subject to personal jurisdiction."  28 U.S.C. § 1391(c).  Additionally, as Pennsylvania has three judicial districts, Defendant must have had sufficient contacts with the Middle District of Pennsylvania to give rise to personal jurisdiction in the district.  *Id.*

Defendant's only argument is that the contract and a substantial amount of the acts under it occurred in venues other than the Middle District. (Br. in Supp. at 4.) This argument would be valid if venue were conferred on the basis of the second subpart of Section 1391(a). However, venue may be conferred by the first subpart as well. Because Defendant is a corporation, it is deemed to reside in any judicial district in which it is subject to personal jurisdiction. Thus, if Defendant is subject to personal jurisdiction in the Middle District of Pennsylvania, it is deemed to reside here for the purposes of venue.

Because the court has determined that Defendant is subject to personal jurisdiction in Pennsylvania generally, Defendant must show improper venue by showing that he would not be subject to personal jurisdiction in the Middle District of Pennsylvania. Defendant has not shown any evidence on that point. On the contrary, Plaintiff has shown that Defendant has numerous business relationships with art dealers situated in the Middle District. Therefore, venue is proper under 28 U.S.C. § 1391. Defendant's motion to dismiss for improper venue will be denied.

### C.  **Change of Venue**

The applicable statute for change of venue is 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute provides district courts with discretion to transfer a civil action "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Stated differently, "the purpose of [§ 1404(a)] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and

the public against unnecessary inconvenience and expense." *Id*. (internal quotations omitted).  Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp. 2d 638, 640 (E.D. Pa. 2003).  If the plaintiff has chosen his home forum, that choice "will not be disturbed unless the balance tilts strongly in favor of transfer." *See Reed v. Weeks Marine, Inc.*, 166 F.Supp. 2d 1052, 1057 (E.D. Pa. 2001).

As a threshold question, the court must determine whether the action "might have been brought" in the proposed transferee district. *Id*. at 616-17. 28 U.S.C. § 1391(c) provides that "[f]or purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. . . ."  Defendant is a Tennessee corporation, the contact at issue was signed in Tennessee, and Tennessee law applied to the contract.  Thus, the court finds that a district court in Tennessee could properly exercise personal jurisdiction over Defendant.  Accordingly, venue would also be proper.  However, the court's analysis does not end with this question.

Because the action could have been brought in the proposed transferee district, the court must now weigh a list of factors.  While there is no definitive list of factors, courts generally consider the following interests : (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical

considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The burden of showing that these factors warrant transfer rests with the moving party. *Id*. at 879.

Defendant argues that because the agreement was executed in Tennessee and is governed by Tennessee law, and because the sales and licensing for Plaintiff's artwork "occurred mostly outside Pennsylvania," the case should be transferred to the "appropriate District Court in Tennessee." (Br. in Supp. at 2.)
It is true that familiarity of the trial judge with the applicable law is a consideration. However, Plaintiff's choice of forum is a stronger one. Defendant's contention that many of the sales and licenses that are the basis of this suit arose outside of Pennsylvania is not relevant to this discussion, because Defendant does not connect them to Tennessee. Additionally, the court considers the inconvenience to both parties. Clearly either party would suffer some inconvenience by having to litigate the claims in a foreign district. Thus, the court finds that these factors essentially balance each other out. As to the other factors listed above, Defendant has not identified any additional factors that weigh in favor of a change in venue    Therefore, Defendant has not shown that Tennessee is a better forum than Pennsylvania for the disposition of this suit. Because Plaintiff has chosen her home forum, Defendant must show that the factors in favor of a transfer weigh strongly in Defendant's favor. Because the factors identified by Defendant do not outweigh Plaintiff's strong

interest in maintaining the action in the Middle District, the court will not change the venue of this case to a district court in Tennessee.

**IV.**     **Conclusion**

For the reasons stated above, Defendant's motion to dismiss for lack of jurisdiction and improper venue will be denied. Additionally, the court will deny Defendant's motion to change venue in this case. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 30, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CLAIRE STONER,** : **CIVIL NO. 1:CV-05-0875**
:
      **Plaintiff** :
:
      **v.** :
:
**ARTS UNIQ, INC.,** :
:
      **Defendant** :
:

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

    1) Defendant's motion to dismiss for lack of jurisdiction is **DENIED**.

    2) Defendant's motion to dismiss for improper venue is **DENIED**.

    3) Defendant's motion to change venue is **DENIED**.


                                                       s/Sylvia H. Rambo
                                                       SYLVIA H. RAMBO
                                                       United States District Judge

Dated: September 30, 2005.